## W. K. NIVER COAL CO. v. PIEDMONT & GEORGES CREEK COAL CO.

(Circuit Court of Appeals, Fourth Circuit.  February 21, 1905.)

### No. 523.

1. CONTRACTS—EXECUTION—UNDISCLOSED PRINCIPAL.

Where the N. Coal Company was a general coal dealer, and not the selling agent of defendant, but bought coal from defendant and others, which was sold to whomsoever it pleased, defendant was not liable as an undisclosed principal for the N. Company's breach of a contract for the sale of coal to plaintiff.

2. SAME—EVIDENCE—DECLARATIONS OF AGENT.

In a suit by a third person, directly against an alleged undisclosed principal, for breach of a contract made by the alleged agent, declarations of such agent as to the character of his authority are incompetent.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 416–419.]

3. SAME—DECLARATIONS AGAINST INTEREST.

Declarations against interest, made by such an agent, as to the character of the business relations existing between him and the alleged principal, are competent in such action, when the alleged agent is offered as plaintiff's witness.

In Error to the Circuit Court of the United States for the District of Maryland.

John E. Semmes and James Piper, for plaintiff in error.
Robert H. Gordon and J. Walter Lord, for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BRAWLEY, District Judge.

GOFF, Circuit Judge.  The plaintiff in error brought an action at law in the court below against the defendant in error, alleging a breach of contract concerning the sale of coal.  The contract relied on was made by the National Coal Company with the W. K. Niver Coal Company, by which the former agreed to furnish the latter 25,000 tons of Big Vein Georges Creek Coal, during the 12 months beginning April 1, 1902, at $1.25 per ton of 2,240 pounds, f. o. b. at mines; conditioned upon car supply, strikes, accidents, and other causes beyond control. In the declaration filed by the plaintiff below, it is alleged that this contract was in fact made on behalf and by the authority of the defendant below, and that said company, the Piedmont & Georges Creek Coal Company, subsequently ratified and confirmed it.  The declaration charges that only a small portion of said coal was furnished, and that the plaintiff below had been greatly damaged.  The case was tried to a jury, which, by the direction of the court, found for the defendant. The assignments of error relate to the action of the court in refusing the prayers requested by the plaintiff, and in directing a verdict for the defendant.

If the court below was right in directing a verdict for defendant, it will follow that the prayers asked for by the plaintiff should have been refused, as they, in effect, directed a verdict for the plaintiff, leaving the jury to find the damages.  The evidence offered by the plaintiff below was at least inconclusive, and the explanation of counsel for the plain-

tiff in error that his client labored under the disadvantage of having the National Coal Company, "an irresponsible company" (but the party with which the contract had been made), attempt "by the testimony of its president to protect the defendant," was but a proper recognition of its unsatisfactory character. It appears from the record that the National Coal Company, as a general dealer, bought and sold coal from the mines of the defendant company, as well as from other mines, including those of the plaintiff in error. It is, we think, clearly disclosed by the testimony that the National Coal Company was not the selling agent of the defendant company, but that it made its own contracts for the purchase of coal from the defendant, and sold to whom it pleased. The contention of the plaintiff in error is that the defendant in error occupied to the National Coal Company the relation of undisclosed principal. The evidence required to charge an undisclosed principal to a contract made by his agent is neither greater nor less, when suit is brought by a third person directly against such alleged principal, than it would be had a recovery been had against the agent by such third person, and such agent was seeking to recover damages from the principal. Declarations of the alleged agent as to the character of his authority are, in a suit of this kind, no more competent as evidence than they would be in a suit in which such agent was the plaintiff himself, and admissions against interest made by the alleged agent as to the character of the business relations existing between him and the alleged principal are as competent (when such agent is offered as plaintiff's witness) as they would be were he the plaintiff and testifying in his own behalf. In Central Trust Company v. Bridges, 57 Fed. 763, 6 C. C. A. 550, Judge Taft, speaking for the Circuit Court of Appeals, Sixth Circuit, says:

"One may be liable for the acts of another as his agent on one of two grounds: First, because by his conduct or statements he has held the other out as his agent; or, second, because he has actually conferred authority on the other to act as such. * * * An agency is created—authority is actually conferred—very much as a contract is made, i. e., by an agreement between the principal and agent that such relation shall exist. The minds of the parties must meet in establishing the agency. The principal must intend that the agent shall act for him, and the agent must intend to accept the authority and act on it, and the intention of the parties must find expression either in words or conduct between them."

If we apply this law, which is applicable to this case, to the facts as disclosed by the evidence before the jury, it is quite apparent that the court below was fully justified in giving the instruction complained of.

We are unable to find from the record that the defendant in error at any time, in any way, either by conduct or statements, held out the National Coal Company as its agent, and it is clearly shown that both parties to the alleged contract denied that it had ever been entered into. The burden of proving the existence of the agency was upon the plaintiff in error, and we concur with the court below in holding that the evidence offered was not sufficient to entitle said plaintiff to recover. The judgment complained of is without error.

Affirmed.